UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VIRGIL D. RANDALL,

        Plaintiff,

    v.

G. LEWIS,

        Defendant.
                                             /

No. C 06-4177 SI (pr)

**ORDER OF DISMISSAL**

      Virgil D. Randall, currently an inmate at Salinas Valley State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. The court reviewed his original complaint pursuant to 28 U.S.C. §1915A, described several deficiencies in the due process and mental health care claims, and dismissed the complaint with leave to amend to cure those deficiencies. Randall then filed an amended complaint. His amended complaint is now before the court for review pursuant to § 1915A.

      The first claim in the complaint was that Randall's right to due process was violated by the procedures used to keep him in the security housing unit ("SHU") for an extra six weeks after his 12-month SHU term ended. The court explained that Randall had to amend to allege facts showing that conditions in the SHU were sufficiently harsh that due process was required by the federal constitution and that Randall did not receive the process due him based on the reason (i.e., disciplinary or administrative) that he was in the SHU during those six weeks. Order Of

Dismissal With Leave To Amend, pp. 2-5. Randall did not cure these deficiencies in his amended complaint. He did not describe any conditions in the SHU that amounted to an atypical and significant hardship such that any process was constitutionally require before he was retained in the SHU after his 12-month SHU term ended. See Sandin v. Conner, 515 U.S. 472, 484, 487. He also did not describe any procedural deficiency that amounted to a federal due process violation. See Order of Dismissal With Leave To Amend, p. 4 & n.1. Although Randall indicates he was not given written notice of the reason for his continued retention in ad-seg, due process did not require written notice and he affirmatively alleges that he was told why he was being retained in ad-seg when he went before the institutional classification committee. in other words, he was notified why he was being retained in the SHU, even if the notice was only oral. At Randall's appearance before the committee, one committee member recommended that Randall be released, but was overruled by another committee member who "stated that the rule violation was not completed, and that was his reason for retention [sic] plaintiff in ad seg." See Amended Complaint, p. 2. This referred to a rule violation report that had been issued against Randall on April 7, 2005, and for which the hearing had been held but the disposition section of the rule violation report was not completed until November 2005. See Amended Complaint, pp. 1-2; Exhibits, pp. 1-3, 6. The amended complaint does not cure the deficiencies identified by the court. The amended complaint fails to state a claim upon which relief may be granted and is dismissed without leave to amend.

The second claim in the complaint concerned Randall's mental health. The court explained that the mere deterioration in one's mental health is not a constitutional violation and that, if he wanted to try to assert an Eighth Amendment claim based on deliberate indifference to his mental health needs, Randall had to identify the appropriate defendant(s) and link each proposed defendant to his claim by alleging facts showing what each of those persons did or failed to do that amounted to deliberate indifference to his mental health needs. The amended complaint identified a clinical case manager who allegedly failed to put Randall on suicide watch and provide psychiatric treatment when Randall asked for such services on October 15, 2005. Randall does not allege that anything adverse occurred as a result of him not being on suicide

2

1  watch and not receiving the requested care on that day. Additionally, the amended complaint
2  and exhibits thereto affirmatively show that Randall was receiving mental health care on an
3  ongoing basis and that he was in the extended outpatient program. See Amended Complaint,
4  pp. 1, 4; Exhibits, pp. 8-9. In other words, Randall was receiving mental health care of some
5  sort, even if he did not receive the specific care requested on one particular day. Randall has not
6  alleged anything suggesting that the failure to provide the treatment requested on that particular
7  day resulted in further significant injury or the "unnecessary and wanton infliction of
8  pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds,
9  WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). His alleged
10 feeling of stress does not rise to the level of an Eighth Amendment violation. The second claim
11 does not state a claim upon which relief may be granted for an Eighth Amendment violation and
12 therefore is dismissed.

   For the foregoing reasons, the amended complaint is dismissed because it fails to state a claim upon which relief may be granted. Further leave to amend will not be granted because it would be futile: the court already identified the particular deficiencies in plaintiff's claims and plaintiff was unable to cure them in his amended complaint. The clerk shall close the file.

   IT IS SO ORDERED.

Dated:   December 18, 2006

_____
SUSAN ILLSTON
United States District Judge